**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.:

    BRIAN OZMAN

    Plaintiff,

vs.

    UNUM LIFE INSURANCE COMPANY OF AMERICA

    Defendant.

---

## COMPLAINT

---

COMES NOW the Plaintiff, Brian Ozman, by and through his undersigned counsel, Thomas A. Bulger, Esq., of Silvern & Bulger, P.C., and respectfully submits his Complaint against the above-named Defendant.

### PARTIES

1. Plaintiff, Brian Ozman, is a natural person and citizen of the State of Colorado, with a current address of 7845 East Byers Avenue, Denver, Colorado 80230.

2. Defendant Unum Life Insurance Company of America ("Defendant Unum") is a corporation and/or similar business entity which regularly conduct business in the State of Colorado.  Defendant is a foreign corporation and is incorporated in Maine.  Upon information and belief, this Defendant is the Administrator and/or insurer of the employee benefit plans at issue (specifically those providing long-term disability benefits and for waiver of life insurance premiums).  The Defendant's registered agent for service of process is the Corporation Service Company, 1900 West Littleton Boulevard, Littleton, Colorado 80120.

## JURISDICTION AND VENUE

3. At all pertinent times, Defendant administered and/or insured the employee benefit plans established on behalf of the employees of American Furniture Warehouse ("AFW"). The Plan, which provides *inter alia* long-term disability benefits (LTD) and other related benefits, upon information and belief, subject to the provisions of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1101, *et seq.,* ("ERISA"). Upon information and belief, AFW and the Plan have delegated to Unum its obligation to make all benefit decision at issue in this claim.

4. Further, the Plaintiff and Defendant are citizens of different states, and the amount in controversy (including the value of the life insurance policy) exceeds $75,000.00.

5. At all pertinent times Plaintiff was a full-time employee of AFW and was a "participant" in or "beneficiary" of the Plan within the meaning of ERISA.

6. Thus, and at all pertinent times, and by virtue of said employment, Plaintiff was covered by the provisions of the Plan, including coverage for LTD benefits subject to the terms and conditions of the insurance policy issued by Unum to cover the Plan, and/or the other Plan documents.

## JURISDICTION AND VENUE

7. This matter is authorized and instituted pursuant to 28 U.S.C. §1331, to address violations of Plaintiff's rights protected by Federal law, including his rights under ERISA and the subject ERISA plan. Jurisdiction is also proper in that the parties are citizens of different states, and the amount in controversy, including unpaid LTD benefits and the value of life

2

insurance policy, interest, fees, costs and penalties, if any, exceed the jurisdictional limit of this Court of $75,000.00.

8.    Pursuant to 28 U.S.C. §1391, and/or Federal law, venue is proper in this Court wherein the Plaintiff resides, and wherein Defendant regularly conducts business and wherein (at least part) of the wrongful conduct alleged herein occurred.

## STATEMENT OF THE FACTS

9.    At all pertinent times, Plaintiff was employed by AFW as a sales representative, and was an active, full-time employee. He therefore satisfied all eligibility requirements for, and was a "participant" in the Plan (and/or "beneficiary" of the Plan) within the meaning of ERISA.

10.    Beginning in or around August/September 2021, Plaintiff was disabled from his position at AFW due to multiple health issues including but not limited to the effects of severe low back pain, requiring an L5/S1 fusion, which took place in or around September 2021.

11.    These medical conditions prohibited Plaintiff from continuing to perform the requirements of his job on a regular and consistent basis, as well as from any other job for which he is reasonably qualified.

12.    As the aforementioned conditions prevented him from working on a full-time and regular basis, and from performing the other material requirements of his own and/or other comparable occupation, Plaintiff applied for short-term disability ("STD") benefits.

13.    Plaintiff's claim for STD was approved (through AFLAC) and was paid in full.

14.    Plaintiff subsequently applied to Defendant for LTD with an effective date of disability of September 1, 2021.

15.    Defendant subsequently denied the claim for LTD benefits.

3

16.     Thereafter, Plaintiff timely submitted the various appeals required by the Plan document and requested a review of his claim. Plaintiff provided additional medical documentation and other information in support of his claim. Plaintiff filed his appeal on or before the Plan's 180-day deadline.

17.     Defendant issued its final denial of Plaintiff's appeal for LTD benefits on or about September 16, 2022.

18.     Defendant's determination was otherwise erroneous, and/or arbitrary and capricious in that Defendant failed to consider all pertinent medical and/or other evidence indicating that Plaintiff's medical condition prevents him from engaging in his own or any other occupation.  This includes, without limitation, his inability to work forty (40) hours per week.

19.     Defendant's position is further arbitrary and capricious because it improperly denied this claim, alleging he was not eligible for LTD as an AFW employee.

20.     Defendant has unreasonably refused to pay LTD benefits to Plaintiff, despite additional documents and other evidence submitted by Plaintiff as outlined herein.

21.     Plaintiff has exhausted all Administrative Appeals provided by the Plan, and this action is timely filed.

## FIRST CLAIM FOR RELIEF:
## VIOLATION OF ERISA, WRONGFUL DENIAL OF BENEFITS
## PLAINTIFF V. DEFENDANT

22.     At all pertinent times, Plaintiff was covered by the Plan, which included coverage for LTD benefits, as set forth above.

23.     At all pertinent times, Defendant was an administrator, and/or claim administrator for the Plan, within the meaning of ERISA.

4

24.     Defendant otherwise delegated the authority to administer claims for premium waiver benefits by the Plan.

25.     At all pertinent times, Plaintiff met the criteria for LTD benefits under the Plan because he was unable to perform the functions of his own and/or any other reasonable occupation and provided reasonable documentation (medical or otherwise) of that fact.

26.     Upon information and belief, Defendant Unum also insures the Plan.

27.     Defendant's dual capacity creates an inherent conflict of interest as a matter of fact and law.

28.     Defendant has improperly, erroneously, arbitrarily and/or capriciously denied Plaintiff benefits due and owing under the Plan.

29.     Defendant's wrongful conduct includes, but is not limited to:

A.     Failing to consider all pertinent medical information, including but not limited to the opinions of Plaintiff's treating physicians, and the results of a functional capacity exam;

B.      Failing to provide an adequate review and appeal, including refusing to give Plaintiff a reasonable opportunity to submit relevant information;

C.     Failing to act in Plaintiff's best interests;

D.     Failing to consider credible evidence of functional impairment;

E.     Failing to reasonably interpret and apply the terms of the Plan;

F.      Failing to consider its own finding in a related claim that Plaintiff is disabled for the purposes of LTD; and

G.     Failing to conduct a reasonable investigation.

30.     Defendant's wrongful conduct has caused injuries and damages to the Plaintiff, including lost benefits, attorney's fees and costs.

## DAMAGES

31.     The Defendant's above-alleged wrongful conduct caused injuries and damages to the Plaintiff, including but not limited to: Past and future economic damages, including but not limited to loss of LTD benefits.  Plaintiff has also incurred attorney's fees and costs as a result of Defendant's conduct.

WHEREFORE, Plaintiff requests judgment and damages against Defendant and/or the Plan as follows:

A.     A declaratory judgment that Defendant has violated Plaintiff's rights under ERISA;

B.     An injunction and/or other appropriate equitable other relief as permitted by ERISA, including but not limited to §502(a)(1)(b) ordering Defendant to make Plaintiff whole and/or return them to the position Plaintiff would have obtained in the absence of Defendant's wrongful conduct;

C.     Retroactive award of Plaintiff's LTD benefits and payment of all back due benefits pursuant to ERISA §502(a)(1)(b), as well as an order, requiring Defendant to process Plaintiff's claims for future LTD benefits.

D.     Reasonable attorneys' fees and costs, including but not limited to witness fees, as provided in ERISA §502(G)(1), 29 U.S.C. §1132(g)(a) and/or other applicable case law;

6

E.     Interest on any awards at the highest rate allowed by law as provided in

ERISA §502(G)(1), 29 U.S.C. 1132(g)(1); and

F.     Such other and further relief as this Court deems just and appropriate.

Dated this 27th day of July, 2023.

Respectfully submitted,

SILVERN & BULGER, P.C.

*s/Thomas A. Bulger, Esq.*
Thomas A. Bulger, Esq.
Counsel for Plaintiff
363 South Harlan Street, Suite 205
Lakewood, Colorado 80226
(303) 292-0044
Facsimile (303) 292-1466
counsel@silvernbulger.com

**Plaintiff's address**

7845 East Byers Avenue
Denver, Colorado 80230